# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY LYNN WILBURN, | No. 2:18-CV-0994-WBS-DMC |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff, who is proceeding pro se, brings this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). On August 22, 2018, the court granted plaintiff's motion for leave to proceed in forma pauperis. That order required plaintiff to submit to the United States Marshal, within 15 days of the date of service of the order, a completed summons and copies of the complaint, and file a statement with the court that said documents have been submitted. Plaintiff was warned that failure to comply may result in dismissal of this action for lack of prosecution and failure to comply with court rules and orders. See Local Rule 110. As of September 18, 2018, plaintiff had not complied and the court directed plaintiff to show cause within 30 days why the action should not be dismissed. On October 25, 2018, the court extended the deadline to respond to the court's September 18, 2018, order to show cause to 30 days from the date of the order. More than 30 days have

1

1  elapsed and plaintiff has neither responded to the court's order to show cause nor submitted the
2  required service documents as originally directed.
3        The court must weigh five factors before imposing the harsh sanction of dismissal.
4  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal
5  Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's interest in
6  expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of
7  prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits;
8  and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran, 46 F.3d 52,
9  53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an appropriate
10 sanction is considered a less drastic alternative sufficient to satisfy the last factor.  See Malone,
11 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is appropriate where
12 there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.
13 1986).  Dismissal has also been held to be an appropriate sanction for failure to comply with an
14 order to file an amended complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir.
15 1992).
16       Having considered these factors, and in light of plaintiff's failure to submit the
17 documents necessary for service of process as directed, the court finds that dismissal of this
18 action is appropriate.
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

| | |
|---|---|
| 1 | Based on the foregoing, the undersigned recommends that this action be dismissed, without prejudice, for lack of prosecution and failure to comply with court rules and orders. |
| 3 | These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). |

Dated: January 16, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE